IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SANTOS CASTANEDA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-04-1157-T |
| | ) |
| REGINALD HINES, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner, a state prisoner appearing *pro se*, filed this action on September 16, 2004, seeking a writ of habeas corpus pursuant to 28 U.S.C. §2254. On September 16, 2004, the matter was referred to United States Magistrate Judge Doyle W. Argo. On April 21, 2005, Judge Argo issued a Report and Recommendation in which he recommended Petitioner's request for habeas relief be denied. On May 12, 2005, Petitioner timely filed an objection to the Report and Recommendation. The matter is at issue.

    **A.**    **Standard of Review**:

The court of appeals' "firm waiver rule" holds "that a party's objection to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996) ("only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute" will avoid application of the firm waiver rule); Nolan v. Martin, 188 F.3d 519, 1999 WL 565681 at *2 (10th Cir. 1999) (a general objection to Magistrate Judge's Report and Recommendation is insufficient to preserve an issue for further review) (unpublished opinion cited pursuant to Tenth Cir. Rule 36.3).

With respect to objections that are both timely and specific, the Tenth Circuit Court of Appeals has stated:

> Because [petitioner] filed his petition for habeas relief after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), AEDPA's provisions apply. See Rogers v. Gibson, 173 F.3d 1278, 1282 n. 1 (10th Cir.1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA provides that if a claim is adjudicated on the merits in state court, . . . habeas relief [will be granted] to a petitioner only if he can establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).
>
> Under the "contrary to" clause, . . . relief [is granted] only "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). Under the "unreasonable application" clause, relief is provided only "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Thus . . . a habeas writ [may not issue] simply because [the Court] conclude[s] . . . "that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.
>
> Conversely, if the state court did not decide a claim on the merits, and the claim is not otherwise procedurally barred, we address the issue *de novo* and the § 2254(d)(1) deference requirement does not apply. See Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir.1999).

Gipson v. Jordan, 376 F.3d 1193, 1195-96 (10th Cir. 2004) (parallel citations omitted).

**B.     Scope of Petitioner's Objections to the Report and Recommendation**:

Petitioner did not object to the procedural history recited in the Report and Recommendation. (Report and Recommendation at 1-2.) Petitioner did not specifically object to any portion of the factual background set forth in the Report and Recommendation. (Report and Recommendation at 2-4.) Finally, Petitioner did not object to the standard for habeas relief stated in the Report and Recommendation.

(Report and Recommendation at 5.)  Of the nine grounds for relief discussed in the Report and Recommendation, Petitioner objected to each recommendation except for the recommendation with respect to his fifth ground for relief.[1]

    **C.**    **Analysis of Petitioner's Objections**:

    1.    <u>Objection to Recommendation on Ground 1 (Sufficiency of the Evidence)</u>:

In the Report and Recommendation, Judge Argo concluded that Petitioner's request for habeas relief based on his claim of insufficient evidence should be denied.  (Report and Recommendation at 5-8.)  In his objection, Petitioner first cited several cases for the general statement of law contained therein.  (Objection at 1-2, <u>citing</u> <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979);[2] <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000);[3] and, <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 477 (2000).[4]  Petitioner did not, however, identify any specific error in Judge Argo's Report and Recommendation or attempt to apply the cases he cited to the facts of his case.  Rather, his objection, at best, can only be construed as a general objection to the Report and Recommendation.  As such, it is insufficient to preserve this ground for relief

---

[1] As Petitioner failed to set forth any objection to the recommendation with respect to his fifth ground for relief, he has waived further review of that ground.  <u>One Parcel of Real Property</u>, 73 F.3d at 1060.

[2] In <u>Jackson</u>, the Supreme Court stated the general test for determining the sufficiency of the evidence supporting a conviction:  "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  <u>Id.</u>

[3] In the portion of the <u>Williams</u> decision cited by Petitioner, Justice O'Connor, in a concurring opinion, discussed the definition of §2254(d)(1)'s "contrary to" clause.  <u>Id.</u>

[4] In <u>Apprendi</u>, the Supreme Court stated "At stake in this case are constitutional protections of surpassing importance:  the proscription of any deprivation of liberty without 'due process of law,' Amdt. 14, and the guarantee that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury,' Amdt. 6.  Taken together, these rights indisputably entitle a criminal defendant to 'a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.'"  <u>Id.</u> (citations and footnote omitted).

for review. Nolan, 1999 WL 565681 at *2. Accordingly, Petitioner has waived review of his insufficiency of the evidence claim and his first request for habeas relief is denied.

    2.    <u>Objection to Recommendation on Ground 2 (Separate Trials)</u>:

In the Report and Recommendation, Judge Argo concluded that Petitioner's request for habeas relief based on his claim of error in failing to grant separate trials should be denied. (Report and Recommendation at 8-9.) In his objection, Petitioner cited <u>Cummings v. Evans</u>, 161 F.3d 610, 619 (10th Cir. 1998) and claimed that Judge Argo erred in finding that Petitioner failed to demonstrate prejudice arising from the joint trial. (Objection at 3.)

According to the Tenth Circuit Court of Appeals,

> Separate trials are not a matter of right where two or more defendants allegedly participated in the same act or transaction or the same series of acts or transactions that constituted a criminal offense. <u>United States v. Davis</u>, 436 F.2d 679, 681 (10th Cir.1971). A severance should be granted by the district court "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." <u>Zafiro v. United States</u>, 506 U.S. 534, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). In order to obtain a separate trial, the defendant must make a strong showing of prejudice. <u>United States v. Evans</u>, 970 F.2d 663, 675 (10th Cir.1992), <u>petition for cert. filed</u> Oct. 9, 1992, S.Ct. No. 92- 6186; <u>United States v. Bailey</u>, 952 F.2d 363, 365 (10th Cir.1991) (<u>citing</u> <u>United States v. Cardall</u>, 885 F.2d 656, 667-68 (10th Cir.1989)). This burden is heavy for the defendant to bear as he must show more than a better chance of acquittal or a hypothesis of prejudice, <u>Bailey</u>, 952 F.2d at 369, he must, in fact, show real prejudice. <u>United States v. Jones</u>, 707 F.2d 1169, 1171 (10th Cir.), <u>cert. denied</u>, 464 U.S. 859, 104 S.Ct. 184, 78 L.Ed.2d 163 (1983). Any potential prejudice suffered by [defendant] must be weighed "'against the important considerations of economy and expedition in judicial administration' . . ., considerations [that] are quite strong when the codefendants allegedly conspired with each other." <u>United States v. Mayes</u>, 917 F.2d 457, 460-61 (10th Cir.1990) (<u>quoting</u> <u>United States v. Esch</u>, 832 F.2d 531, 537 (10th Cir.1987), <u>cert. denied</u>, 485 U.S. 908, 108 S.Ct. 1084, 99 L.Ed.2d 242 and 485 U.S. 991, 108 S.Ct. 1299, 99 L.Ed.2d 509 (1988)), <u>cert. denied</u>, 485 U.S. 991, 111 S.Ct. 1087, 112 L.Ed.2d 1192 (1991).

United States v. Youngpeter, 986 F.2d 349, 353 (10th Cir. 1993). See also Cummings, 161 F.3d at 619. In this case, Petitioner argued that he has demonstrated "strong prejudice" because "the crime transaction in question took place in co-defendant's Rocky Farris [sic] home and that [Petitioner] merely accompanied defendant Duarte to Farris' home and had nothing actually to do with the transaction and sales of drugs." (Objection at 3.)

Upon review of the evidence, however, the Court concludes that Petitioner misunderstands the term "strong prejudice" as it is used in Youngpeter and Cummings. Petitioner has not demonstrated that he was prejudiced by the joint trial or that the joint trial compromised a specific trial right or prevented "the jury from making a reliable judgment about guilt or innocence." Youngpeter, 986 F.2d at 353. Accordingly, the Court finds that Petitioner is not entitled to habeas relief on his second ground.

   3. <u>Objection to Recommendation on Ground 3 (Prosecutorial Misconduct)</u>:

In the Report and Recommendation, Judge Argo concluded that Petitioner's request for habeas relief based on his claim of prosecutorial misconduct should be denied. (Report and Recommendation at 9-16.) In his two-paragraph objection, Petitioner claimed that certain unspecified comments made by the prosecutor during closing argument "deprived him of due process and a fundamentally fair trial." Petitioner further stated, without elaboration or explanation, that his "trial was fundamental [sic] unfair . . . the prosecutor's remarks did prejudice the substantial rights of the Petitioner, denying him a fair trial." (Petitioner's Objection at 3-4.)

Petitioner did not, however, identify any specific error in Judge Argo's Report and Recommendation. Rather, his objection, which merely repeated the standard by which his claim must be judged without reference to any of the facts of his case, can only be construed as a general objection to

5

the Report and Recommendation. As such, it is insufficient to preserve this ground for relief for review. Nolan, 1999 WL 565681 at *2. Accordingly, Petitioner has waived review of his prosecutorial misconduct claim and his third request for habeas relief is denied.

  4. <u>Objection to Recommendation on Ground 4 (Admission of Hearsay Statements)</u>:

In the Report and Recommendation, Judge Argo concluded that Petitioner's request for habeas relief based on his claim that impermissible hearsay statements were admitted and used against him should be denied. (Report and Recommendation at 16-18.) In his objection, Petitioner continued to assert that <u>Crawford v. Washington</u>, 541 U.S. 36 (2004) mandates that his request for habeas relief be granted. (Objection at 4-5.)

In the Report and Recommendation, Judge Argo correctly noted that the Tenth Circuit Court of Appeals recently held that <u>Crawford</u> is not retroactively applicable to initial habeas petitions. (Report and Recommendation at 18, <u>citing</u> <u>Brown v. Uphoff</u>, 381 F.3d 1219, 1227 (10th Cir. 2004), <u>cert. denied</u>, <u>Brown v. Lampert</u>, 125 S.Ct. 940 (2005).) While Petitioner apparently disagrees with the Circuit Court's retroactivity analysis, he offers the Court no citation to legal authority which would permit the Court to ignore or otherwise fail to follow <u>Brown</u>. Accordingly, as this Court is bound by the Circuit Court's decision in <u>Brown</u>, Petitioner's request for habeas relief on his fourth ground must be denied.

  5. <u>Objection to Recommendation on Ground 6 (Evidentiary Harpoon)</u>:

In the Report and Recommendation, Judge Argo concluded that Petitioner's request for habeas relief based on his claim that one of the law-enforcement witnesses called by the State launched an impermissible evidentiary harpoon should be denied. (Report and Recommendation at 19-25.) In his objection, Petitioner claimed that in two specific instances the witness, Agent Snowden, impermissibly

testified in a way that implicated Petitioner in other crimes. Petitioner further claimed these comments were so grossly prejudicial as to deny him a fair trial. (Objection at 7.)

Upon review of the comments, in the context of the entire trial, the Court concludes, as did Magistrate Argo, that neither comment, either individually or when considered jointly, was so grossly prejudicial as to deny Petitioner the fundamental fairness that is the essence of due process. Hooker v. Mullin, 293 F.3d 1232, 1238 (10th Cir. 2002). Accordingly, Petitioner's request for habeas relief on his sixth ground must be denied.

6.      Objection to Recommendation on Ground 7 (Excessive Sentence):

In the Report and Recommendation, Judge Argo concluded that Petitioner's request for habeas relief based on his claim that his sentence was excessive should be denied. (Report and Recommendation at 25-26.) In his one-sentence objection, Petitioner, without citation to any legal authority, simply repeats his claim that he believes his sentence is excessive. (Objection at 7.)

Petitioner's objection, which can only be construed as a general objection to the Report and Recommendation, is insufficient to preserve this ground for relief for review. Nolan, 1999 WL 565681 at *2. Accordingly, the Court concludes Petitioner has waived review of his excessive sentence claim and his seventh request for habeas relief is denied.

7.      Objection to Recommendation on Ground 8 (Cumulative Error):

In the Report and Recommendation, Judge Argo concluded that Petitioner's request for habeas relief based on his claim of cumulative error should be denied.[5] (Report and Recommendation at 26-30.)

---

[5] Magistrate Argo first recommended the Court find Petitioner's claim of cumulative error to be procedurally barred. (Report and Recommendation at 27.) Alternatively, Magistrate Argo recommended the claim be denied on its merits. (Id. at 29-30.) Although the Court agrees that the claim is procedurally barred as Petitioner failed to raise

Petitioner objected to the Recommendation. (Objection at 7.) However, as the Court has found no error in this case, there is legal basis on which to consider a claim of cumulative error. Moore v. Reynold, 153 F.3d 1086, 1113 (10th Cir. 1998) ("Cumulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors."). Accordingly, Petitioner's request for habeas relief on his sixth ground must be denied.

       8.      Objection to Recommendation on Ground 9 (Ineffective Assistance of Counsel):

In the Report and Recommendation, Judge Argo concluded that Petitioner's request for habeas relief based on his claim of ineffective assistance of counsel should be denied. (Report and Recommendation at 30-32.) Petitioner's one-sentence objection provides: "In the case at bar, the state court's determination involves an unreasonable application of clearly established United States Supreme Court precedent when it identified the correct governing legal principle from Strickland v. Washington, 466 U.S. 668 (1984), but unreasonably applied that principle to the facts of this case." (Objection at 8.)

As stated above, an objection which merely repeats that legal standard by which a claim is to be evaluated, without reference to the specific facts of the case, is a general objection. As such, it is insufficient to preserve the ground for relief for review. Nolan, 1999 WL 565681 at *2. Accordingly, Petitioner waived review of his ineffective assistance of counsel claim and his ninth request for habeas relief is denied.

---

*it on direct appeal, the Court concludes it is more expedient to address the claim on its merits.*

CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report and Recommendation (Doc. No. 18) in its entirety; OVERRULES Petitioner's objection thereto (Doc. No. 19); and DENIES Petitioner's request for habeas relief (Doc. No. 1).

IT IS SO ORDERED this 19th day of May, 2005.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE